No. 22-2109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 12, 2023
DEBORAH S. HUNT, Clerk

DARREN DEON JOHNSON, )
 )
   Plaintiff-Appellant, )
 )
v. )
 )  O R D E R
BRIAN MADERY, GOA, et al., )
 )
   Defendants-Appellees. )

Before: BUSH, Circuit Judge.

   Darren Deon Johnson, a pro se Michigan prisoner, moves this court for leave to proceed in forma pauperis on appeal. He is appealing the district court's order that dismissed his civil rights complaint with prejudice because of a prefiling injunction that prohibited him from filing any new lawsuit in the Eastern District of Michigan without first obtaining leave of court. *See* Fed. R. App. P. 24(a)(5).

   In May 2022, Johnson filed suit under 42 U.S.C. § 1983, alleging that certain prison officials denied him access to a water fountain and instead forced him to drink contaminated water from the bathroom. Johnson sought leave to proceed in forma pauperis in that lawsuit, but the district court denied him pauper status pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g) and dismissed his complaint. *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022). Moreover, citing Johnson's lengthy history of filing frivolous and vexatious lawsuits, the district court permanently enjoined Johnson from filing any new lawsuit in the Eastern District of Michigan without first obtaining leave of court. *Id*. Johnson appealed, but this court dismissed that appeal for want of prosecution. *Johnson v. Schultz*, No. 22-1520 (6th Cir. Apr. 18, 2023).

Johnson subsequently filed this § 1983 action, alleging that certain prison officials intentionally redacted and confiscated his legal mail. According to Johnson, these actions prevented him from collaterally attacking his custodial sentence. Johnson sued the defendants in their official and personal capacities for declaratory relief, injunctive relief, and damages, claiming that their conduct violated his First and Fourteenth Amendment rights.

The district court screened the complaint and determined that Johnson "failed to show that his allegations have any merit and that they are not a repetition of [his] prior complaints." It therefore denied Johnson leave to proceed in forma pauperis and to file his complaint and dismissed the case with prejudice pursuant to the prefiling injunction issued in Case No. 2:22-cv-11056. The court denied Johnson's subsequent motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e).

Johnson now moves this court for leave to proceed in forma pauperis on appeal. Ordinarily, an indigent litigant may proceed in forma pauperis on appeal if the appeal has an arguable basis in law and fact. Fed. R. App. P. 24(a)(5); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But § 1915(g) provides that a prisoner who has previously had three or more actions or appeals dismissed as frivolous, as malicious, or for failure to state a claim is barred from proceeding in forma pauperis in the district court or on appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, a prisoner must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration in original) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Allegations of past danger, as well as wholly speculative or conclusory allegations of danger, are insufficient to satisfy the exception. *Id*.

Johnson has accumulated at least three strikes under § 1915(g). *See Johnson v. Pallas*, No. 1:17-cv-1016, 2017 WL 6015423, at *2 (W.D. Mich. Dec. 5, 2017) (citing Johnson's prior cases that have been dismissed on the grounds that they were frivolous or malicious or failed to

state a claim upon which relief may be granted). And Johnson has not alleged facts showing that he is in imminent danger of serious physical injury. Although Johnson asserted in his complaint that his medical conditions place him at a higher risk of severe illness or death from COVID-19, that assertion is too speculative and conclusory to satisfy the § 1915(g) imminent-danger exception. *See Vandiver*, 727 F.3d at 585.

Accordingly, Johnson's motion to proceed in forma pauperis on appeal is **DENIED**. Unless Johnson pays the $505 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk